UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIBERTY BANK, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:14-cv-01591-WWE |
| | : | |
| CITIMORTGAGE, INC., | : | |
|     Defendant. | : | |

**<u>MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS</u>**

Plaintiff Liberty Bank brings this breach of contract claim against defendant CitiMortgage, Inc. Defendant has filed a motion to dismiss the complaint. For the following reasons, defendant's motion will be granted in part and denied in part.

**BACKGROUND**

On May 26, 2004, plaintiff entered into a Mortgage Loan and Servicing Agreement with ABN AMRO Mortgage Group, Inc., whereby plaintiff purchased mortgage loans, including the loan at issue in this case. Defendant is the successor in interest to ABN, as seller and servicer of the loans.

As part of the Agreement, plaintiff purchased a loan to Sirka Louca and Onisis Louca, secured by a mortgage on 26 Fox Road, East Setauket, New York. Plaintiff alleges that defendant has breached the Agreement with regard to the Louca loan, in that defendant has failed to properly service the Louca loan in accordance with the Agreement. Specifically, plaintiff alleges the following failures:

    (1) Defendant failed to advise plaintiff of the status of loss mitigation activities;

    (2) Defendant failed to advise plaintiff when the Loucas requested a modification of the loan;

    (3) Defendant failed to provide property inspection reports, despite plaintiff's repeated requests for those reports;

(4) Defendant failed to issue a demand letter in a timely fashion, when the loan was two years past due;

(5) Defendant repeatedly requested that the customer provide information which the defendant already had in its possession;

(6) Defendant failed to refer the loan for foreclosure in a timely manner; and

(7) Defendant represented to the customer that plaintiff failed to provide authority for modifying the loan, when defendant never asked plaintiff for such authority.

Plaintiff seeks damages, a judgment of specific performance (requiring defendant to repurchase from plaintiff the Louca loan), interest, costs, and attorneys' fees.

Defendant argues that plaintiff cannot state a claim for specific performance, requiring defendant to repurchase the Louca loan, where the parties' Agreement does not provide plaintiff that right. Defendant also argues that plaintiff fails to state a claim for indemnity, as the contract language cited by plaintiff in its complaint pertains only to indemnification for third-party claims.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Plaintiff's Request for Specific Performance**

Plaintiff seeks a judgment of specific performance, requiring defendant to repurchase from plaintiff the Louca loan.  Defendant submits that plaintiff cannot state a claim for specific performance where the parties' Agreement does not provide plaintiff that right or defendant that obligation.

Plaintiff responds that, although the remedy of specific performance is not expressly provided for in the Agreement, it is not expressly prohibited either.  Plaintiff cites Thermatool Corp. v. Borzym for the proposition that "[s]pecific performance of an agreement may be an appropriate remedy where enforcement of the promise is necessary to avoid injustice." 227 Mich. App. 366, 375 (1998).  There, the Court of Appeals of Michigan found that a covenant not to compete may be extended where circumstances warrant, regardless of whether the parties expressly provided for such relief in their agreement.  Id.  Moreover, "as courts allowing extensions of the terms of noncompetition agreements have found, it may not be possible to determine monetary damages with any degree of certainty."  Id.

In Thermatool, the court contemplated the extension of a noncompete contract to which the parties agreed.  Here, in contrast, plaintiff asks the court for specific performance that was never memorialized within the parties' Agreement; the Agreement does not allow for repurchase of a loan as a remedy for the seller's failure to properly service such loan.  Rather, plaintiff urges an equitable remedy based on a general appeal to fairness and practicality.

The equitable remedy of specific performance is typically justified where the legal remedy of damages is impracticable:

> Where, from some special and practical features or incidents of the contract inhering either in its subject-matter, or its terms, or in the relations of the parties, it is

3

> impossible to arrive at a legal measure of damages at all, or at least with any sufficient degree of certainty, so that no real compensation can be obtained by means of an action at law; or in other words, where damages are impracticable.

Reugsegger v. Bangor Tp. Relief Drain, 127 Mich. App. 28, 31 (1983) (quoting 4 Pomeroy, Equity Jurisprudence (5th ed), § 1401, p 1034).  Here, the Court is not persuaded that the parties' Agreement is unique in a way that forecloses monetary damages as an adequate remedy.  See In re Smith Trust, 480 Mich. 19, 26 (2008); Kent v. Bell, 374 Mich. 646, 652 (1965) ("Specific performance will be decreed and a contract enforced in regard to personal property which has a peculiar and unique value, over and above its pecuniary or intrinsic value, a sentimental value, or in which the complainant has a pretium affectionis.")  Indeed, plaintiff argues that the repurchase of the loan is tantamount to the payment to plaintiff of damages in the full amount of the loan.

The parties' Agreement does not provide plaintiff the right to specific performance in the form of a repurchase of a loan for the seller's failure to properly service such loan.  Plaintiff has provided no other authority justifying an equitable remedy in this case.  Moreover, although the mortgage loan at issue relates to real property, the parties are, in essence, dealing with the most fungible of goods: money.  Accordingly, defendant's motion to dismiss will be granted as to plaintiff's request for specific performance.

**Indemnity**

Defendant argues that plaintiff fails to state a claim for indemnity, as the contract language cited by plaintiff in its complaint pertains only to indemnity for third-party claims.  Plaintiff responds that it has not pled any type of indemnity theory.  Rather, plaintiff seeks attorney's fees as compensation.  Accordingly, the Court will find defendant's motion to dismiss plaintiff's request for indemnity to be moot.  Awards of costs and attorneys' fees will be determined, if necessary, at the conclusion of the case.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED in part and found MOOT in part. Plaintiff's request for specific performance is dismissed; plaintiff does not assert a request for indemnity.

Dated this 30th day of June, 2015, at Bridgeport, Connecticut.

      /s/Warren W. Eginton
    WARREN W. EGINTON
    SENIOR UNITED STATES DISTRICT JUDGE